SUMMARY ORDER

Petitioner Mohammad Aslam, a native and citizen of Pakistan, seeks review of a July 8, 2008 order of the BIA affirming the April 12, 2007 decision of Immigration Judge (“IJ”) Annette S. Elstein pretermi-ting Aslam’s asylum application and denying his application for withholding of removal and relief under the Convention Against Torture (“CAT”). In re Mohammad Aslam, No. A71 501 006 (B.I.A. July 8, 2008), affg No. A71 501 006 (Immig. Ct. N.Y. City Apr. 12, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
As an initial matter, we deem any challenge to the IJ’s pretermission of Aslam’s asylum application abandoned, as he failed to raise any such argument in his brief to this Court. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
When the BIA issues an opinion that fully adopts the IJ’s decision, we review the IJ’s decision. See Mei Chai Ye v. U.S. Dep’t of Justice, 489 F.3d 517, 523 (2d Cir.2007). We review the agency’s factual *60 findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see, e.g., Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See Passi v. Mukasey, 535 F.3d 98, 101 (2d Cir.2008).
Before the BIA, Aslam failed to exhaust any challenge to the agency’s adverse credibility finding. In addition to the statutory requirement that petitioners exhaust each category of relief, see 8 U.S.C. § 1252(d)(1), this Court generally will not consider arguments regarding individual issues that were not exhausted before the agency. See Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 107 n. 1, 122-23 (2d Cir.2007). While not jurisdictional, this judicially-imposed issue exhaustion requirement is mandatory. See id. at 119-20. Thus, a petitioner must challenge all findings that are dispositive of his claims, and his failure to do so is fatal to his petition for review. See Steevenez v. Gonzales, 476 F.3d 114, 117-18 (2d Cir.2007).
The only argument Aslam raised before the BIA with respect to the IJ’s adverse credibility determination was the bare assertion that he “testified credibly.” In its decision, the BIA held that “the conclusory argument advanced in the respondent’s unbriefed appeal does not persuade us that the Immigration Judge’s findings of fact, including her adverse assessment of the respondent’s credibility are clearly erroneous.” Aslam’s brief to this Court takes issue, for the first time, with the IJ’s specific credibility findings.
Furthermore, while the BIA adopted and affirmed the IJ’s adverse credibility finding, its mere mention of that finding does not excuse Aslam’s failure to offer any meaningful challenge before the BIA.
Cf. Waldron v. INS, 17 F.3d 511, 515 n. 7 (2d Cir.1994); Xian Tuan Ye v. DHS, 446 F.3d 289, 296-97 (2d Cir.2006). Considering Aslam’s arguments regarding credibility would defeat the purpose of the issue exhaustion requirement — to allow the agency to review its own decisions for error after having the opportunity to consider petitioner’s arguments. See Theodoropoulos v. INS, 358 F.3d 162, 171 (2d Cir.2004) (“at least one of the purposes served by the exhaustion requirement contained in 1252(d) is to ensure that the INS, as the agency responsible for construing and applying the immigration laws and implementing regulations, has had a full opportunity to consider a petitioner’s claims before they are submitted for review by a federal court”); see generally Lin Zhong, 480 F.3d at 123, 124 n. 24; see also United States v. Copeland, 376 F.3d 61, 67 (2d Cir.2004); Weinberger v. Salfi, 422 U.S. 749, 765, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). Thus, because we find that Aslam failed to exhaust any challenge to the agency’s adverse credibility finding, and because that finding was dis-positive of Aslam’s remaining applications for relief, see Majidi v. Gonzales, 430 F.3d 77 (2d Cir.2005), we deny the petition for review. See Steevenez, 476 F.3d at 117-18.
Even if we were to reach the IJ’s adverse credibility determination, we would conclude that it is supported by substantial evidence. The IJ properly found that: (1) while Aslam testified that he was attacked on January 24,1990, in his shop by Sunni clerics, one of whom was named “Muratab,” the police report he filed states that he was attacked while he was “roaming about in the neighborhood,” and does not refer to Muratab, but to “Hafiz Zahoor along with a few other unknown individuals”; (2) the police report, dated January 24, 1990, was inconsistent with Aslam’s testimony that he was taken *61 to the hospital immediately after he was beaten and kept there for one day; and (B) Aslam’s statement, asserting that the police arrested and detained his brother, was inconsistent with his testimony that the police detained him for one night. As Aslam’s proffered explanations were not compelling, the IJ was not required to credit them. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005). The IJ was entitled to rely on the cumulative effect of these inconsistencies to conclude that As-lam was not credible. See 8 U.S.C. § 1158(b)(l)(B)(iii); Tu Lin v. Gonzales, 446 F.3d 395, 402 (2d Cir.2006). Moreover, because the only evidence of a threat to Aslam’s life or freedom depended on his credibility, the adverse credibility finding is fatal to both his claims for withholding of removal and CAT relief. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); see also Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).